UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-20122

LARRY M. OLEA,

    Plaintiff,

vs.

305SMOKERS LLC,
MIAMI SMOKERS, LLC, and
ANDRES BARRIENTOS,

    Defendant.

_____/

## **COMPLAINT**

Plaintiff, Larry M. Olea, sues Defendants, 305Smokers LLC, Miami Smokers, LLC, and Andres Barrientos, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Larry M. Olea**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2. Plaintiff was an employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendant.

4. Plaintiff consents to participate in this lawsuit

5. **Defendant, 305Smokers LLC**, is a for-profit Florida limited liability corporation that is *sui juris* and operated its restaurant business in in this District at all times material. Defendant, 305Smokers LLC, operates under the fictitious name of Miami Smokers.

1

6. **Defendant, Miami Smokers LLC**, is a for-profit Florida limited liability corporation that is *sui juris* and operated its restaurant business in in this District at all times material. Defendant, Miami Smokers, LLC, also operates under the fictitious name of Miami Smokers.

7. **Defendant, Andres Barrientos,** is over 18 years old, a resident of Miami Beach, Florida, and is *sui juris*. Mr. Barrientos was at all times material an officer/owner/director/member of the corporate Defendants for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

8. Defendants were Plaintiff's employers, as the term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff.

9. Defendants operated as a single enterprise as a result of their utilizing the same workforce, website (www.miamismokers.com), and social media accounts to advertise/market their various restaurant locations.

10. In addition, Defendants coordinated the scheduling of Plaintiff's work so that she could work at their various locations.

11. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related state law claims.

12. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal places of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

2

13. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

14. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Larry M. Olea, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follows:

15. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

16. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, cheeses, beverages, and products that have moved through interstate commerce.

17. Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, smokers, grills, ovens, meat cutters, refrigerators, and materials that also have moved through interstate commerce.

18. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

19. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

21. Plaintiff worked for Defendants on May 9, 2019 and ceased working on November 19, 2019.

22. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his cooking, handling, and serving food, produce, and beverages that have traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

23. Plaintiff regularly, recurrently, and routinely processed credit card and ATM card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for selling food and beverages that traveled in interstate commerce prior to his sale of same.

24. To utilize the tip credit, an employer must allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips."  29 U.S.C. § 203(m).

25. Defendants shared a portion of the tips with traditionally non-tipped employees, including retaining pooled tips for the "house" (or themselves).

26. Defendants also failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that he worked by <u>failing to timely pay him</u> for the hours that he worked for Defendants from August 11, 2019 until November 19, 2019.

27. As a direct and proximate result of Defendants' violations of the FLSA, as set

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

forth above, Plaintiff is entitled to payment of the applicable minimum wage for all unpaid hours worked plus payment of all tips wrongfully or improperly held/distributed.

28. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff the applicable a minimum wage for each of the hours worked and their retention of tips during the relevant time period violated the FLSA and then failed to timely correct their violation.

WHEREFORE Plaintiff, Larry M. Olea, demands the entry of a judgment in her favor and against Defendants, 305Smokers LLC, Miami Smokers, LLC, and Andres Barrientos, after trial by jury and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages for all overtime work performed for the Defendants as provided under the law and in 29 U.S.C. §216(b);

    b. That Plaintiff recover the tips wrongfully shared/distributed to traditionally non-tipped employees and/or the "house" and an equal amount of liquidated damages;

    c. That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

    d. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    e. That the Defendants be Ordered to make the Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. All interest allowed by law; and

g. Such other and further relief as the Court deems just and proper.

## **COUNT II – FLSA OVERTIME VIOLATION**

Plaintiff, Larry M. Olea, reincorporates and re-alleges paragraphs 1 through 14 as though set forth fully herein and further alleges as follows:

29. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

30. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, cheeses, beverages, and products that have moved through interstate commerce.

31. Defendants cooked, prepared, and stored perishables and alcoholic beverages while using machinery, appliances, smokers, grills, ovens, meat cutters, refrigerators, and materials that also have moved through interstate commerce.

32. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

33. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

34. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

35. Plaintiff worked for Defendants on May 9, 2019 and ceased working on November 19, 2019.

36. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his cooking, handling, and serving food, produce, and beverages that have traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

37. Plaintiff regularly, recurrently, and routinely processed credit card and ATM card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for selling food and beverages that traveled in interstate commerce prior to his sale of same.

38. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

39. Defendants knew or reasonably should have known that Plaintiff worked more than 40 hours from August 11, 2019 until November 19, 2019.

40. Defendants failed and refused to pay Plaintiff at the rate of time and one-half times his regular rate of pay for all hours worked over 40 hours in a workweek from August 11, 2019 until November 19, 2019.

41. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked from August 11, 2019 until November 19, 2019, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Larry M. Olea, demands the entry of a judgment in his favor and against Defendants, 305Smokers LLC d/b/a Miami Smokers and Andres Barrientos, after trial by jury and as follows:

a. That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That the Court issue a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

e. That the Court issue a permanent injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

f. That Plaintiff recovers all interest allowed by law;

g. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

h. Such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT

Plaintiff, Larry M. Olea, reincorporates and re-alleges paragraphs 1 through 14 as though set forth fully herein and further alleges as follows:

42. Plaintiff and Defendants verbally agreed that in exchange for Plaintiff expending

8

time and effort on their behalf, they would compensate him at a rate of $700.00 for each week of work.

43. Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

44. Defendants, however, failed and refused to perform its obligation to timely pay Plaintiff a rate of $700 per week for the weeks he worked between August 11, 2019 and November 19, 2019, thereby breaching the oral contract/agreement they had.

45. Plaintiff has been damaged as a result of Defendants' failure to pay him the agreed-upon amount for each hour he worked from August 11, 2019 to November 19, 2019in a timely manner.

WHEREFORE Plaintiff, Larry M. Olea, demands the entry of a judgment in his favor and against Defendants, 305Smokers LLC, Miami Smokers, LLC and Andres Barrientos, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT

Plaintiff, Larry M. Olea, reincorporates and re-alleges paragraphs 1 through 14 as though set forth fully herein and further alleges as follows:

46. Plaintiff provided labor and services for Defendants, and they received and accepted the benefits of the labor and services supplied by Plaintiff.

47. Plaintiff expected to be paid a reasonable value for the labor and services he provided to Defendants.

48. Defendants were unjustly enriched in that it failed and refused to make payment

to Plaintiff for the benefits conferred upon them by Plaintiff between February 6, 2019 to the middle of July 2019.

WHEREFORE Plaintiff, Larry M. Olea, demands the entry of a judgment in his favor and against Defendants, 305Smokers LLC, Miami Smokers, LLC, and Andres Barrientos, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Larry M. Olea, demands a trial by jury of all issues so triable.

Respectfully submitted this 10th day of January 2020.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*
